UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 2:23-CR-121 |
| vs. ) | |
| ) | |
| CARL GREGORY STROUD, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on March 21, 2024. At the hearing, Defendant entered a plea of guilty to Counts Three and Five of the Indictment. He entered his plea with a plea agreement. On the basis of the record made at the hearing, I find that Defendant is fully capable and competent to enter an informed plea; the plea is made knowingly and with full understanding of each of the rights waived by Defendant; the plea is made voluntarily and free from any force, threats, or promises, apart from the promises contained in the plea agreement; Defendant understands the nature of the charges and penalties provided by law; and the plea has a sufficient basis in fact.

For these reasons, I **RECOMMEND** that Defendant's plea of guilty to Counts Three and Five of the Indictment be accepted and that the Court adjudicate Defendant guilty of the charges set forth in those counts. I further **RECOMMEND** that the decision of whether to accept the plea agreement be deferred until sentencing. Finally, I **RECOMMEND** that Defendant remain in custody pending sentencing in this matter. The parties have been advised that acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

Respectfully submitted,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

## NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than **Friday, April 5, 2024**. Failure to file objections within this timeframe constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. § 636(b).